Cecchini Unemployment Compensation Case.

248

Argued June 16, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*A. A. Guarino*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Thomas D. McBride*, Attorney General, for appellee.

OPINION BY WOODSIDE, J., December 9, 1958:

This is an appeal by the claimant, Donald J. Cecchini, from a decision of the Unemployment Compensation Board of Review denying compensation. The claimant was employed by the SKF Industries, Inc., in Philadelphia, as a quality control investigator, for approximately fourteen months. He was discharged September 5, 1957, because he was taking pictures in the plant in violation of the company's rules and because of falsification in his application for employment, discovered because of the incident in regard to

the photographs. In his application for employment, claimant specifically agreed "In the event I am employed by SKF Industries, Inc., I agree that should any part of this record be found false, my employment may be subject to termination". The board found that claimant was also aware of the rule prohibiting the taking of photographs in the plant and knew that such conduct would be grounds for his dismissal.

The board concluded, therefore, that claimant's conduct warranted his disqualification under Section 402(e) of the Unemployment Compensation Law, which provides that an employe shall be ineligible for compensation for any week: "(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work; . . ." 43 PS §802.

In the present case, the board's findings are supported by competent evidence. This Court is, therefore, bound by the findings of the board under Section 510 of the Unemployment Compensation Law, 43 PS §830; *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955); *Antinopoulas Unemployment Compensation Case,* 185 Pa. Superior Ct. 76, 137 A. 2d 921 (1958).

Although willful misconduct is not defined in the Unemployment Compensation Law, this Court has often stated that willful misconduct must be a wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the employer's interests, a disregard of the standards of behavior which the employer has the right to expect of his employe, or negligence in such a degree as to manifest a wrongful intent, showing an intentional and substantial disregard of the employer's interests, or of the employe's duties and obligations to the

employer. Refusal to comply with the instructions of the employer, or a violation of company rules have been held to be willful misconduct under the Act. *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886 (1951); *Evans Unemployment Compensation Case,* 180 Pa. Superior Ct. 587, 119 A. 553 (1956); *Armstrong Unemployment Compensation Case,* 179 Pa. Superior Ct. 488, 118 A. 2d 217 (1955); *Curran Unemployment Compensation Case,* 181 Pa. Superior Ct. 578, 124 A. 2d 404 (1956).

Claimant's conduct in taking pictures in the plant in violation of the employer's rules was, therefore, willful misconduct connected with his work under the decisions of this Court. In the present case, claimant's falsification of information on his application was clearly willful misconduct connected with his work. The information which claimant falsified in his application for employment stated his educational qualifications for the job. Claimant knew when he falsified the information that it was material to his employment and that discovery of the falsification would lead to his discharge. The employer had the right to expect that information material to the qualifications of the employe would be accurate and truthful. The deliberate falsification of such information is willful misconduct under the Unemployment Compensation Law.

The decision of the Unemployment Compensation Board of Review is affirmed.