## McKeon Unemployment Compensation Case.

70

Argued March 23, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Murry Powlen,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., April 13, 1961:

The appellant was denied unemployment compensation because the Board of Review found his unemployment was due to his discharge for willful misconduct connected with his work. See §402(e) of the Unemployment Compensation Law, 43 P.S. §802(e). Prior to the decision of the board, the bureau and a referee also denied the appellant compensation for the same reason.

The claimant had been a provisional or probational employe of the federal government at the United States Naval Supply Depot, Mechanicsburg. On March 4, 1959, he was discharged from his employment because of his failure to disclose a prior discharge, and the insufficiency of his reasons offered to explain this inaccuracy. The reason for the termination of his service was made available to the Pennsylvania unemployment authorities by the federal employing department as required by §1507(a) of the Federal Social Security Act, as amended, 42 U.S.C.A. §1367. This section of the federal act further provides that a finding concerning the reason for termination of the service of the claimant shall be final and conclusive upon the state agency with respect to the claimant's entitlement to compensation.

The Pennsylvania compensation authorities must accept as a fact that the claimant was discharged from his job because of his failure to disclose a prior discharge and the insufficiency of his reasons offered to explain this inaccuracy. The Pennsylvania authorities must then determine whether, under Pennsylvania law, this conduct for which the claimant was discharged constituted willful misconduct connected with

his work. *Neumeyer Unemployment Compensation Case*, 187 Pa. Superior Ct. 321, 144 A. 2d 606 (1958).

"Willful misconduct" is not defined in the Pennsylvania Unemployment Compensation statute, but this Court has held it to comprehend an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employe, or negligence indicating an intentional disregard of the employer's interest or of the employe's duties and obligations to the employer. "Willful misconduct" does not necessarily require actual intent to wrong the employer. If there is a conscious indifference to the perpetration of a wrong, or a reckless disregard of the employe's duty to his employer he can be discharged for "willful misconduct" and will be denied benefits. *Gagliardi Unemployment Compensation Case*, 186 Pa. Superior Ct. 142, 147, 148, 141 A. 2d 410 (1958); *Detterer Unemployment Compensation Case*, 168 Pa. Superior Ct. 291, 294, 295, 77 A. 2d 886 (1951); *Cecchini Unemployment Compensation Case*, 188 Pa. Superior Ct. 247, 146 A. 2d 615 (1958).

The evidence establishes that the claimant was discharged by the federal agency due to an omission in his application for employment which was not explained to the satisfaction of the federal authorities. The certified finding of the federal agency was alone sufficient to support the board's conclusion that the claimant's unemployment was due to willful misconduct in connection with his work. However, the board had additional evidence establishing that the claimant had previously applied for federal employment without revealing the prior discharge, and was then cautioned by letter "to exercise extreme care in answering fully and truthfully all questions called for in any future applications or documents you may file

with the Civil Service Commission or with other government agencies. Your failure to do so in the future may well result in your removal from Federal Service and the imposition of drastic penalties by the Civil Service Commision."

The claimant contends the work separation which he failed to reveal in his two applications was not a "discharge" and should not have been noted on his federal employment record as such. The truth is that the separation *was* listed on his record as a discharge, that he knew it was so considered by the federal authorities, and that he was told to note it on any future applications for employment with the federal government. His failure to do so was willful misconduct. If the original work separation from federal employment was not a discharge, he should have satisfied the federal authorities that this was a fact; it is not an issue to be determined by the Pennsylvania authorities in this case.

Order affirmed.