## Bitzel Unemployment Compensation Case.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Coleen Bitzel,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., December 14, 1961:

The claimant in this unemployment compensation case was denied benefits by the board on the ground that she was not "employed" as that term is defined

in the Unemployment Compensation Law, Section 4(L)(4)(7), 43 P.S. §753(L)(4)(7).

This section provides: "(4) The word 'employment' shall not include— . . . (7) Service performed in the employ of an organization operated exclusively for religious, charitable, scientific, literary, or educational purposes . . . no part of the net earnings of which inures to the benefit of any private shareholder or individual and no substantial part of the activities of which is carrying on propaganda or otherwise attempting to influence legislation."

The bureau, the referee and the board found that the claimant's only employment in her base year was as bookkeeper of the Presbyterian Hospital, Pittsburgh, and that she had been employed by the hospital for two years eleven months prior to her last day of employment on January 19, 1961.

If this finding is correct, the decision of the board must be affirmed. The Presbyterian Hospital is an organization operated exclusively for charitable purposes, and its employes come under Section 4(L)(4)(7) of the Unemployment Compensation Law, 43 P.S. §753(L)(4)(7), supra. The hospital does not contribute to the unemployment compensation fund, and its employes are not covered by the act.

The appellant contends that she was employed by Management Food Service, Inc., a division of Stouffer Corporation. To substantiate this position she introduced evidence that Management Food Service, Inc., supervised the Central Dietary where she worked, and that food was furnished by that department not only to patients and hospital employes but also to the public.

It is not the duty of this Court to weigh the evidence. If the findings of the board are supported by competent evidence they are binding on this Court.

*Cecchini Unemployment Compensation Case,* 188 Pa. Superior Ct. 247, 249, 146 A. 2d 615 (1958).

The record discloses that the appellant was paid by the Presbyterian Hospital. When asked who her last employer was she responded, "The Presbyterian Hospital." Also, at the remand hearing she indicated that she had been employed nowhere except the Presbyterian Hospital for the past two years, eleven months.

There was sufficient competent evidence for the board to have found that the claimant was employed by the Presbyterian Hospital.

Decision affirmed.