Forrest S. MacFarlane, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 7, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Bernard V. DiGiacomo,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 28, 1974:

Forrest S. MacFarlane (MacFarlane) was employed as a maintenance foreman by The Pennsylvania State University (State University) at its Ogontz Campus from January 31, 1972 until November 13, 1972, at which time he was discharged because of his failure to fully disclose his medical history at the time of his application for employment.

MacFarlane's application for unemployment compensation benefits was denied as a result of a referee's determination that his unemployment resulted from his discharge from work for wilful misconduct. The Unemployment Compensation Board of Review (Board) affirmed and this appeal then followed.

Our scope of review in unemployment compensation cases is confined to questions of law and, absent fraud, a determination as to whether the Board's findings are supported by the evidence. *Homony v. Unemployment Compensation Board of Review,* 11 Pa. Commonwealth Ct. 142, 312 A. 2d 77 (1973). Upon review of the record, we hold that the referee and the Board erred as a matter of law in determining that MacFarlane's unemployment was due to his wilful misconduct. We therefore reverse.

Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(e), provides:

"An employe shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

Although Section 402(e) does not define the term "willful misconduct," we have accepted the definition approved in *Harmer Unemployment Compensation Case*, 206 Pa. Superior Ct. 270, 272, 213 A. 2d 221, 223 (1965) : " 'Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of *wanton* or *wilful* disregard of the employer's interest, a *deliberate* violation of the employer's rules, a *disregard* of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest *culpability, wrongful intent,* or *evil design,* or show an *intentional* and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." (Emphasis added.) *See Harbutz v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 235, 309 A. 2d 840 (1973).

The following findings of fact made by the referee and adopted by the Board are supported by evidence in the record and are therefore binding on this Court:

"2. Prior to the start of his employment, the claimant had an interview with Albert H. Boileau, Jr., the business manager for the employer, at which time they discussed the nature of the work and the claimant's general health in relation to his ability to perform the services required if he were so employed.

"3. The claimant divulged that he was suffering from high blood pressure, that he had in addition high blood cholesterol count and that he had been treated for pericarditis; and residual mastoid, which had been corrected."

It is clear from the above findings that MacFarlane fully disclosed his medical history at the time of his interview with Mr. Boileau. However, about 7 weeks later on his first day of work MacFarlane failed to list anything except his residual mastoid condition when answering a question on a personnel record which asked him to "describe any physical defects or chronic disease." This single incident was the basis for his discharge from work and the Board's conclusion that his discharge was for wilful misconduct.

The narrow question for us to decide is one of law; namely, whether or not, after orally informing his employer of his health history, MacFarlane's failure to list his high blood pressure, high blood cholesterol count and pericarditis in response to the above question on the personnel record constitutes wilful misconduct.

We find that MacFarlane's conduct does not fit the several definitions of wilful misconduct accepted by this Court. In all these definitions there is an element indicating a consciousness of wrongdoing on the part of the employe. The use of such words as "wanton or willful," "deliberate," "disregard," "intentional," and "negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design" indicates that an employe is only guilty of wilful misconduct when he is, or should be, under the circumstances, conscious that his actions are inimical to the interests of his employer.

In the case of *Homony v. Unemployment Compensation Board of Review, supra,* we stated that an intent to wrong the employer is not necessary, and a conclusion

of wilful misconduct may be based on a finding of a *conscious* indifference to the duty owed the employer. We fail to find even this type of conduct in the present case. Nothing in the record now before us shows that MacFarlane *consciously* acted against his employer's interests. He stated that he failed to list the conditions in question because he did not believe them to be "chronic diseases."

In view of the fact that MacFarlane had previously disclosed his complete medical history during his interview with Mr. Boileau, the only man with whom he had dealt in regard to his obtaining employment, we are persuaded that clearly MacFarlane had no intention to deceive anyone concerning his medical condition.

We note that the burden of establishing that a claimant is ineligible to receive unemployment compensation because of wilful misconduct is on the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973). The State University proved only that MacFarlane made a mistake when answering a question on a personnel record. This was not, under the factual situation here, wilful misconduct.

## ORDER

And Now, this 28th day of March, 1974, the order of the Unemployment Compensation Board of Review denying benefits to Forrest S. MacFarlane is reversed, and the record is hereby remanded to the Board for further proceedings consistent with this opinion.