Lebanon County Board of Assistance, Department of Public Welfare, Commonwealth of Pennsylvania, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued January 10, 1975, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Darius G. C. Moss,* Assistant Attorney General, with him *Barry A. Roth,* Assistant Attorney General, and *Marx S. Leopold,* General Counsel, for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, February 21, 1975:

The appellee in this unemployment compensation case was removed[1] from her State civil service position of Supervisor II with the Lebanon County Board of Assistance. The removal action was upheld by the State Civil Service Commission and this court. *Kaplan v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 29, 317 A. 2d 683 (1974). Ms. Kaplan applied for unemployment compensation benefits. The Bureau of Employment Security disapproved her application on the ground that her removal was for wilful misconduct. After hearing on Ms. Kaplan's appeal, a referee of the Unemployment Compensation Board of Review reversed the Bureau's determination. The Board of Review af-

---

[1] Subsequent to her removal as of May 14, 1973, the Lebanon County Board of Assistance, the appointing authority (*See Bleilevens v. State Civil Service Commission,* 11 Pa. Commonwealth Ct. 1, 312 A. 2d 109 (1971)) suspended Ms. Kaplan as of May 7, 1973 for an asserted cause discovered after the removal action.

firmed the referee's allowance of compensation and the Lebanon County Board of Assistance has appealed to this court. We affirm the Board.

The employer contends that the determination in the civil service case that Ms. Kaplan was removed for just cause should control the outcome of this case. Just cause, justifying the removal of a civil service employe, is clearly a different standard from that of wilful misconduct, rendering the worker ineligible for unemployment compensation benefits. Just cause may be established by a showing of conduct establishing that the employe lacks the competency and ability to perform the duties of his position in the classified service, as a reference to our decision in Ms. Kaplan's civil service appeal shows. *Kaplan v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 29, 33, 317 A. 2d 683, 685-686 (1974). Wilful misconduct imports the requirement that the employe's actions leading to loss of employment be shown to have wilfully disregarded the employer's interest, deliberately violated its rules, or was so grossly negligent as to have manifested culpability, wrongful intent or evil design. *Loder v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 484, 296 A. 2d 297 (1972). The purpose of the Civil Service Act[2] is to give job security to competent public employes in the classified service. The purpose of the Unemployment Compensation Act[3] is to provide financial support to workers without jobs for reasons other than their deliberate misconduct in their last employments.

The Lebanon Board of Assistance had the burden to prove wilful misconduct as we have defined it. The

---

[2] Act of August 5, 1941, P. L. 752, *as amended,* 71 P.S. §741.1 et seq.

[3] Act of December 5, 1936, Second Ex. Sess. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

Unemployment Compensation Board of Review having found against the Board of Assistance, it is our function to determine whether the Board of Review capriciously disregarded competent evidence supporting the employer's charge that Ms. Kaplan's conduct was wilful, deliberate and culpable.

The employer depended almost entirely upon the testimony of the Executive Director of the Board of Assistance. This tended to show that Ms. Kaplan failed to follow his or departmental instructions in the performance of her duties. Ms. Kaplan had explanations for each of the asserted derelictions, which explanations, if believed, established that she misunderstood or was unable to understand the instructions, or was not alert to changed rules and regulations, or in one matter was simply unable to do an assigned task within the time limitations imposed by the Executive Director. While some of the instances of alleged misconduct might have supported an inference that Ms. Kaplan insubordinately failed to follow instructions, the referee and the Board of Review chose to credit her assertions of proper motive. This was their function, not ours.

ORDER

AND NOW, this 21st day of February, 1975, it is ordered that the appeal of the Lebanon County Board of Assistance be and it is hereby dismissed and the determination of the Unemployment Compensation Board of Review be and it hereby is affirmed.