Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Atlantic Richfield Company, Appellant.

Argued October 10, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*James Dinan,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, December 18, 1975:

This is an appeal by Atlantic Richfield Company (ARCO) from a decision of the Unemployment Compensation Board of Review which affirmed a referee's allowance of benefits to Robert Nunan. We conclude that the Board capriciously disregarded competent evidence, and reverse.

Nunan was employed by ARCO as a truck driver from November 20, 1951 to February 8, 1973. His duties included the delivery of petroleum products to service stations, garages, and other commercial users. Nunan's truck was loaded by other ARCO employes, and the door was sealed after loading. Until he departed on his daily run, Nunan should have had no knowledge of the truck's contents or the delivery stops. In late 1972, ARCO began an investigation, using company security personnel, into

alleged product thefts at the Belmont Terminal where Nunan was employed. As a result of this investigation, three loaders and four drivers, including Nunan, were discharged.

Nunan applied for benefits on March 13, 1975, but the Bureau of Employment Security decided that he was ineligible because he was discharged for willful misconduct.[1] Nunan appealed and, after a hearing, a referee reversed the Bureau's determination. ARCO then appealed, and following a remand for additional testimony, the Board affirmed the referee and adopted his findings and conclusions. ARCO argues that the Board erred in holding that no competent evidence had been introduced to support a finding that Nunan stole anything.

ARCO had the burden of proving willful misconduct. *Coulter v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 462, 332 A.2d 876 (1975). Since the Board found against ARCO, our scope of review is to determine whether the Board[2] capriciously disregarded competent evidence. *Lebanon County Board of Assistance v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 558, 332 A.2d 888 (1975). Capricious disregard is defined as a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. *Aluminum Company of America v. Theis*, 11 Pa. Commonwealth Ct. 587, 314 A.2d 893 (1974).

The referee erred by holding that there is *no* competent evidence in the record to support a finding that Nunan was guilty of theft. ARCO presented extensive testimony and evidence in order to fulfill its burden of

---

1. *See* Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (e).

2. Since the Board adopted the referee's decision, we are in fact reviewing the referee's findings and conclusions.

proving that Nunan was discharged for willful misconduct. ARCO's investigators testified that they *directly observed* Nunan making unauthorized deliveries of petroleum products. One investigator testified that he and company representatives confronted a service station owner concerning an unauthorized delivery of ARCO products by Nunan, and that the owner admitted receiving more than he had ordered, stated that he paid Nunan half price for the extra portion delivered, and admitted that he had received such deliveries and made such payments on several occasions.[3] Both the company investigators and Nunan's foreman testified that on different occasions Nunan's return forms misrepresented the amount of oil which he returned to the terminal. The return forms were introduced into evidence.

Rather than review all of the testimony and evidence introduced by ARCO, we believe that it is sufficient to note that ARCO clearly met its burden of proving willful misconduct. If the referee had found that Nunan stole company property, that finding would be supported by the record. A finding that Nunan stole, however, is not necessary to make him ineligible for benefits. ARCO's burden was not to prove theft or conspiracy, but rather to prove willful misconduct as that term has been defined by the courts. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Nunan's unauthorized deliveries and misrepresentations, standing alone, constitute willful misconduct and render him ineligible for benefits. A reasonable man could have disregarded the hearsay testimony admitted as declaration against interest, but a reasonable man could not disregard the overwhelming evidence in the record indicating that

---

3. This hearsay testimony was admitted into evidence as a declaration against interest. *See* McCormick, *Evidence* §276 (2nd ed. 1972).

Nunan made unauthorized deliveries of petroleum products and made misrepresentations on his return forms. We hold that the referee capriciously disregarded competent evidence indicating that Nunan was guilty of willful misconduct.

The referee noted that Nunan had over 20 years of service and that he was never warned before "the most severe action possible" was taken against him. These factors are irrelevant. An employer may summarily dismiss a long term employe with a good work record for a serious single act of misconduct which may constitute "willful misconduct" and preclude the receipt of unemployment compensation benefits. *Food Fair Stores, Inc. v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 535, 314 A.2d 528 (1974).

We therefore

ORDER

AND NOW, this 18th day of December, 1975, the order of the Unemployment Compensation Board of Review in the above matter, dated January 22, 1975, is hereby reversed.