Sun Shipbuilding & Dry Dock Co., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 3, 1978, before President Judge Bow-MAN and Judges MENCER and ROGERS, sitting as a panel of three.

*Andrew J. Forbes,* with him *Cramp, D'Iorio, Mc-Conchie, Forbes & Surrick,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 12, 1978:

The Sun Shipbuilding and Dry Dock Company (Sun) has appealed from an order of the Unemployment Compensation Board of Review overturning a referee's decision and awarding compensation benefits to Carmen A. Sgro. The referee had declared Sgro ineligible for benefits for his willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Sgro was employed by Sun as a machinist's helper from February 19, 1974 until November 19, 1974 when he was discharged for having recorded in answer to a question on his job application that he had not previously been arrested, when in fact he had been arrested on April 12, 1973. The Bureau of Employment Security and the referee concluded that Sgro had by this false answer committed an act of willful misconduct. The Board of Review reversed because it believed that Sgro's negative answer to the question concerning his arrest was not willful misconduct since it was the answer he had been advised to make by the supervisor of his conduct during his participation in the Delaware County Accelerated Rehabilitative Disposition program. The A.R.D. program, if successfully completed, concludes with a dismissal of the criminal charges, and

Sgro had completed the program and the charges had been dismissed some months before his discharge.

Section 402(e) of the Unemployment Compensation Law provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his employment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

. . .

43 P.S. §802(e).

The phrase "willful misconduct," although not defined in the Unemployment Compensation Law, has been interpreted by the courts to mean

[a]n act of *wanton* or *willful* disregard of the employer's interest, a *deliberate* violation of the employer's rules, a *disregard* of the standards of behavior which the employer has the right to expect of his employee, or negligence in such a degree or recurrence as to manifest *culpability, wrongful intent,* or *evil design,* or show an *intentional* and substantial disregard of the employer's interest or the employee's duties and obligations to the employer. (Emphasis in original.)

*Warminster Fiberglass Company v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 385, 389, 327 A.2d 219, 221 (1974).

The burden of proving that an employee is ineligible to receive unemployment compensation benefits because of willful misconduct is, of course, on the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

Sun contends that Sgro's untruthful report that he had not been arrested constituted willful misconduct under the definition quoted above. In support of this argument, Sun cites three cases in which employees were found to have committed acts of willful misconduct by giving their employers false information: *Dunlap v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 474, 366 A.2d 618 (1976); *McKeon Unemployment Compensation Case*, 195 Pa. Superior Ct. 69, 169 A.2d 332 (1961); *Cecchini Unemployment Compensation Case*, 188 Pa. Superior Ct. 247, 146 A.2d 615 (1958). In each of these cases the employee was attempting deliberately to deceive his employer and none of the employees involved offered any explanation for their conduct. In contrast are the recent cases of *Century Apartments, Inc. v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 485, 373 A.2d 1191 (1977), and *MacFarlane v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 550, 317 A.2d 324 (1974), where we held that the employee should not be found guilty of willful misconduct for supplying incorrect information to his employer in the absence of a conscious indifference to the duty owed the employer. In the case at hand, the Board of Review found that Sgro omitted the record of the arrest on the advice of his probation officer and concluded that Sgro's errant answer was not made in conscious indifference to his duty owed Sun.

The Board of Review's conclusion is further supported by our holding in *Unemployment Compensation Board of Review v. Dixon*, 27 Pa. Commonwealth Ct. 8, 365 A.2d 668 (1976). As does the present case, *Dixon* dealt with an employee who was discharged for failure to report an arrest on his job application. We held that in such cases "the information invited by the ap-

plication and falsely provided should concern matters material to the employment sought for the errant answer to be disqualifying for unemployment benefits.'' 27 Pa. Commonwealth Ct. at 11, 365 A.2d at 669. The record in the present case establishes only that Sgro was charged with a violation of the ''drug act.'' The reference is doubtless to the Controlled Substance, Drug, Device and Cosmetic Act.[1] Since Sgro was admitted to the Delaware County ARD program, it is probable that the offense with which he was charged was a relatively minor one under that Act. Certainly we cannot assume that every offense with which Sgro might have been charged under the Act would have been material to his employment as a machinist's helper.

We agree with the Board's decision and affirm it. Judge MENCER dissents.

ORDER

AND Now, this 12th day of May, 1978, the order of the Unemployment Compensation Board of Review dated October 26, 1976 awarding compensation to Carmen A. Sgro is affirmed.

---

[1] Act of April 14, 1972, P.L. 233, 35 P.S. §780-101 et seq.