Frank Albater, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 9, 1980, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Terry L. Fromson*, for petitioner.

*Steven R. Marcuse*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, December 17, 1980:

Frank Albater (petitioner) has appealed from a decision of the Unemployment Compensation Board of Review (Board) which upheld a denial of benefits under Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (e). We affirm.

The petitioner was employed as a janitor by the Philadelphia Electric Company (employer) from June 23, 1977 to January 26, 1979. His work area was limited to the public elevators and lobbies on the various floors of the employer's 25-story main office building. He had no keys to interior doors.

On January 25, 1979, the petitioner was reported to have been discovered in one of the private offices on the 23d floor, opening or closing a desk drawer. All of the testimony concerning this incident was hearsay, except for the petitioner's admissions that he was in the office and that the desk drawer was open. During the investigation of the incident, the employer discovered that the petitioner had falsified his employment application by stating that he had no criminal

record when in fact the petitioner had at least three prior convictions for theft-related offenses.[1] The petitioner was given the option of resigning or being fired for falsifying his employment application. He resigned.

The referee found that the petitioner had not voluntarily quit his job but had engaged in willful misconduct under the provisions of Section 402(e) of the Act when he falsified his application, and so benefits were denied. The Board affirmed, without taking additional testimony, and this appeal followed, based on the contention that the finding of willful misconduct was not supported by substantial evidence.

We have held that where an employee was fired for supplying false information on an employment application, the burden was on the employer to show that the false information concerned "matters material to the employment sought for the errant answer to be disqualifying for unemployment benefits." *Unemployment Compensation Board of Review v. Dixon,* 27 Pa. Commonwealth Ct. 8, 11, 365 A.2d 668, 669 (1976). In *Dixon,* an assistant machine operator had concealed a prior arrest on an unspecified charge. When his concealment was discovered, he was fired. We held that the employer had not sustained his burden of proof and therefore we reversed a denial of benefits.

In *Barnett v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 360, 408 A.2d 195 (1979), an employee consciously concealed a series of theft-related offenses from the Civil Service Commission when he was being considered for a promotion to a supervisory position. After he had been promoted, the deception was discovered and the employee was fired. We upheld a denial of benefits, finding that

---

[1] The petitioner testified that, as of January 26, 1979, he had been convicted once for "burglary," twice for "auto burglary," and once for "carrying an instrument of crime."

the employer had satisfied the burden of proving that the concealment was material to the employment. In *Barnett*, we found that materiality was obvious because "[a]n employee's trustworthiness is essential to his employment in a job which necessarily requires supervision of other employees and valuable equipment and goods." *Id.* at 364, 409 A.2d at 197.

These cases indicate that we must look at the circumstances surrounding each case in order to determine whether information concealed from the employer is material to the employment. In some cases, materiality will be obvious once the employer establishes the nature of the employment and the type of information concealed. This was the situation in *Barnett*. But in cases such as *Dixon*, where it was not obvious that trustworthiness was an essential characteristic of the job or that the employee's prior arrest on an unspecified charge necessarily made him untrustworthy, the employer will have to do more to establish materiality.

The present case falls somewhere between these two limits. The petitioner's job did not entail supervision of other employees or valuable goods, he did not have keys to private offices, and his job duties limited his access to the nonpublic areas of the building. However, the petitioner's own admission that he was present in a private office on January 25, 1979, indicates that he did have some access to nonpublic areas of the building where valuable property and information would be found. Further, the petitioner concealed more than a single arrest on an unspecified charge. He had a record of three theft convictions and was being prosecuted for a fourth offense at the time he filed the job application.[2]

---

[2] The petitioner was later convicted of this fourth offense and was sentenced to a work-release program. He continued to be employed while serving his sentence and the employer remained unaware of the conviction until January 26, 1979.

394

We feel that this case is closer to *Barnett* than to *Dixon.* Trustworthiness is an essential characteristic of a janitor in a 25-story office building with possible access to private offices, and undoubtedly the employer's initial evaluation of the petitioner's trustworthiness would have been influenced by knowledge of a record of three prior convictions and a current prosecution for theft.[3] Therefore, the evidence presented was sufficient to support a denial of benefits in this case, and we enter the following

ORDER

AND Now, this 17th day of December, 1980, the order of the Unemployment Compensation Board of Review, dated June 11, 1979, affirming the denial of benefits to Frank Albater, is hereby affirmed.

---

[3] The petitioner acknowledged that he intentionally concealed his record because he feared that he would not be hired if he revealed his true past. These fears may or may not have been justified, but they indicate that the materiality of the deception to the employment was fairly obvious, at least to the petitioner. Of course, we are not holding that the employer would have been justified in refusing to hire the petitioner on the basis of his prior record alone; we are merely holding that an employer is entitled to expect honesty from job applicants concerning material facts.