James Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*James J. DeMarco,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her, *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 31, 1981:

James Johnson (claimant), a former security guard employed by Pinkerton Security, Inc. (Pinkerton), was discharged from his employment and denied

unemployment compensation benefits by the Bureau of Employment Security, a referee, and the Unemployment Compensation Board of Review on the ground that his discharge was the result of his wilfull misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law.[1] This appeal followed. We affirm.

The referee conducted two evidentiary hearings. From the testimony and documents there introduced it is undisputed that in filling out his employment application with Pinkerton claimant responded to the question "Have you ever been arrested, charged with any criminal offense, convicted of a crime" by writing "Yes Domict [sic] — Had fight with my wife." It is also undisputed that, as revealed by records of the Philadelphia Police Department introduced into evidence without objection, claimant had, in fact, been twice arrested and charged with aggravated assault and battery, had served a three month prison sentence for that crime, and had also been charged with weapons and gambling offenses and with frequenting a disorderly house. Pinkerton discovered the omissions when claimant's criminal record precluded him from obtaining the certification necessary to lawfully carry a handgun on his assignments pursuant to the Lethal Weapons Training Act.[2]

Claimant testified that he omitted these particulars because he had forgotten about them or did not believe they were germane to the application. The referee found that claimant had falsified the application thus rendering him ineligible for benefits.

Where an employee is fired for supplying false information on an employment application, the burden is on the employer to show the falsification or conceal-

---

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, as amended, 43 P.S. §802(e).

[2] Act of October 10, 1974, P.L. 705, 22 P.S. §41 et seq.

ment to be deliberate, *MacFarland v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 550, 317 A.2d 324 (1974), and that the information is material to the qualifications of the employee for the job, *Sun Shipbuilding & Dry Dock Co. v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 275, 385 A.2d 1047 (1978); *Unemployment Compensation Board of Review v. Dixon*, 27 Pa. Commonwealth Ct. 8, 365 A.2d 668 (1976); *Cecchini Unemployment Compensation Case*, 188 Pa. Superior Ct. 247, 146 A.2d 615 (1958). Where it is clear that claimant's job position is one of trust and where the information concealed is that of criminal activities inconsistent with that trust, then no independent evidence of materiality is required. *Albater v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 390, 423 A.2d 9 (1980); *Barnett v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 360, 408 A.2d 195 (1979).

On this appeal claimant renews arguments that his failure to reveal all of his criminal record was a mere inadvertence, that his omission is excused by reliance on statements of Pinkerton supervisors who allegedly told him that only serious crimes need be disclosed and that the non-disclosure was not the real reason for the discharge. The insurmountable difficulty with all of these contentions is that they raise factual issues which were properly resolved contrary to claimant's position by the fact-finding tribunal, the Board. The Board was not required to credit claimant's self-serving and somewhat implausible although uncontradicted testimony that he had either forgotten his criminal record or had, in good faith, believed it to be too insignificant to warrant detailed and complete explication.

In sum, this case, involving a security guard concealing a record of weapons offenses and violent

crimes, presents at least as clear an instance of material falsification as was involved in *Barnett, supra* (food service supervisor concealed burglary and larceny convictions), and *Albater, supra* (janitor concealed several convictions for burglary, auto burglary and carrying an instrument of crime), where we affirmed the Board's decision denying benefits.

Accordingly we enter the following

ORDER

AND Now, this 31st day of March, 1981, the decision of the Unemployment Compensation Board of Review is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON.