Harry L. Bruce, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 11, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Alli B. Majeed,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *John T. Kupchinsky,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 5, 1982:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) which denied unemployment compensation benefits to Harry L. Bruce (Claimant) on the ground that he had been discharged from employment because of willful misconduct. *See* Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

On April 9, 1980, Claimant was discharged from his position as a Psychiatric Aide I, probationary status, at the Norristown State Hospital (Hospital) because of an alleged failure on his part to fully disclose his criminal conviction record on his employment application. Thereafter, Claimant filed an ap-

plication for unemployment compensation benefits with the Office of Employment Security (Office), which the Office subsequently denied, and in response to this denial, Claimant filed an appeal to a referee. Following a hearing on this appeal, conducted on May 8, 1980, the referee issued a decision granting benefits to Claimant concluding therein (1) that "Claimant did not intentionally or deliberately falsify his application for employment," and (2) that "there is no direct relationship between Claimant's work related duties and his criminal record." Upon a further appeal, however, the Board reversed concluding that Claimant had made material omissions on his employment application, and that these omissions rose to the level of willful misconduct. This decision was subsequently vacated by the Board pursuant to a Request for Reconsideration and Oral Argument filed by Claimant, but after reconsidering the record and hearing oral arguments on the matter, the Board issued a decision and order identical in all material aspects to its initial decision denying benefits. The present appeal followed.

It is of course well established that the employer has the initial burden of proving that an employee was dismissed from employment because of disqualifying willful misconduct. *Sun Shipbuilding & Dry Dock Co. v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 275, 385 A.2d 1047 (1978). "It is equally settled that where, as here, the party with the burden of proof has prevailed below, our scope of review is limited to questions of law, and, absent fraud, to a determination of whether the Board's findings of fact are supported by substantial evidence." *Jula v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 353, 355, 409 A.2d 953, 954 (1980).

Here, Claimant initially alleges that there is not substantial evidence of record to support the Board's finding that he omitted information pertaining to his criminal conviction record on his employment application to the Hospital since (1) he testified before the referee that he had fully described this information on a separate sheet of paper he had attached to his application, and (2) a letter of record from the State Civil Service Commission (Commission) suggests that he attached a sheet pertaining to his criminal conviction record to an application he had submitted to the Commission. The record before us also shows, however, that contradictory evidence was submitted to the referee in the form of the testimony of Charles Rocco, a personnel officer from the Hospital, who testified that the Hospital had never received such an addendum to Claimant's application. Since, as we have repeatedly held, the resolution of such conflicts in the evidence are within the sole province of the Board, *Dulgerian v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 342, 439 A.2d 1342 (1982); *Jula*, and not this Court, and since Mr. Rocco's testimony clearly constitutes substantial evidence sufficient to support the Board's finding that Claimant omitted portions of his criminal conviction record from his employment application, we find no merit in Claimant's assertions to the contrary.

Claimant next alleges that his omissions, if any, cannot be considered as rising to the level of willful misconduct since he, in response to a request from the Commission, fully disclosed his criminal record in a letter to the Commission dated March 6, 1980. We totally fail to see the relevance of this fact, however, to the question of whether Claimant's falsification of his October 4, 1979 employment application to the Hospital constituted willful misconduct.

Finally, Claimant alleges that there is not substantial evidence of record to support the Board's conclusion that the omissions on his employment application were material to the qualifications of his job. We disagree.

As Claimant correctly notes, we have frequently held that where an employee is fired for supplying false information on his employment application, an employer must show that the omitted information is material to the employee's qualifications for the job in order to establish willful misconduct. *See Johnson v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 147, 427 A.2d 724 (1981); *Sun Shipbuilding & Dry Dock Co.; Unemployment Compensation Board of Review v. Dixon*, 27 Pa. Commonwealth Ct. 8, 365 A.2d 668 (1976). However, "[w]here it is clear that [a] claimant's job position is one of trust and where the information concealed is that of criminal activities inconsistent with that trust, then no independent evidence of materiality is required." *Johnson*, 58 Pa. Commonwealth Ct. at 149, 427 A.2d at 725.

Here, undisputed evidence of record indicates that Claimant's job entrusted him with the care of physically and mentally disabled patients, a position which is clearly one of trust. In addition, the Board found, based on substantial evidence in the record, that Claimant omitted convictions in 1966 for robbery, assault and battery, attempted rape, indecent assault, burglary, and receiving stolen goods, and convictions in 1974 for aggravated assault on a police officer, terroristic threats, and disorderly conduct from his employment application. Since these criminal convictions are clearly, in our view, inconsistent with Claimant's position of trust, we will affirm the order of the Board.

Accordingly we will enter the following

ORDER

Now, October 5, 1982, the Decision and Order of the Unemployment Compensation Board of Review, Decision No. B-185548-B, dated September 18, 1980, is affirmed.