Alvin V. Scott, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 5, 1984, to Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Louis M. Shucker,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, April 27, 1984:

In this appeal from a denial of benefits by the Unemployment Compensation Board of Review and a referee, the claimant, Alvin Scott, contends that Gilbert Associates, Inc., the employer, did not establish the willful misconduct disqualification, because the specific prerequisites for his entry-level job of expediter did not include the possession of a college degree—the subject of the false claim which the claimant had made on his employment application.

As a matter of undisputed fact, the claimant falsified his employment application when he claimed to have been graduated from Penn State University with a degree in business administration. On the basis of clearcut evidence concerning the job and the hiring of the claimant, the referee found:

> [A]lthough the position itself does not require a college degree, the employer considered the claimant's educational background as well as the affirmative action program, and as a result, the claimant was hired over and above all other applicants.

Our courts have never confined the forfeiture of unemployment compensation benefits to instances where the discharge stemmed from a false employment application statement as to the possession of a specific prerequisite for the job. *McKeon v. Unemployment Compensation Board of Review*, 195 Pa. Superior Ct. 69, 169 A.2d 332 (1961), denied benefits because the claimant's failure to disclose a previous firing was willful misconduct "connected with his work." 195 Pa. Superior Ct. at 71-2, 169 A.2d at 333. In *Unemployment Compensation Board of Review v. Dixon*, 27 Pa. Commonwealth Ct. 8, 11, 365 A.2 668, 669 (1976), as in the later *Sun Shipbuilding & Dry Dock Co. v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 275, 385 A.2d 1047 (1978), although concealments of unrelated criminal arrest matters were not disqualifying, this court considered them—apart from whether or not an arrest-free record was a prerequisite—on the basis of whether they were "material to the employment sought."

The use of the slightly different phrase, "material to the qualifications of the employee for the job," in *Johnson v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 147, 149, 427 A.2d 724, 725 (1981), does not narrow the concept of materiality to formal job prerequisites only. The judicial doctrine has never been that an applicant must be truthful only concerning such prerequisites and can give false information concerning any other factor which might encourage the employer to select him.

In view of the pertinence, although not the essentiality, of a business administration degree to the work of an expediter in a business concern, the claimant's misrepresentation in this case was certainly a material one.

The decision is affirmed.

116

ORDER

Now, April 27, 1984, the decision of the Unemployment Compensation Board of Review, No. B-208215, dated July 22, 1982, is affirmed.