563 A.2d 1288

**Joy SILL–HOPKINS, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 14, 1989.

Decided Sept. 8, 1989.

---

508

Peter C. Gardner, Bernstein, Bernstein & Harrison, Philadelphia, for petitioner.

James K. Bradley, Asst. Counsel, Pittsburgh, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Joy Sill–Hopkins (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board) which denied her unemployment compensation benefits pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law [1] (Law).  Issues presented for

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e), which provides in pertinent part that:
    An employe shall be ineligible for compensation for any week—
    (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, ...

review are whether this matter should be remanded for further factfinding; whether the Board erred as a matter of law in finding that Claimant's actions constituted willful misconduct; and whether the Board's finding of willful misconduct is supported by substantial evidence. The Board's decision is affirmed.

Claimant commenced employment with Penn Mutual Life Insurance Co. (Employer) on December 1, 1987 as a regional sales executive whose responsibilities entailed selling securities in West Virginia, Pennsylvania, Maryland, Delaware, the District of Columbia and Virginia. On April 29, 1988, Employer discharged Claimant for failing to disclose, at the time of hire or prior thereto, disciplinary measures taken against her by the New York Stock Exchange for security-related improprieties [2] and for failing to properly complete, after hire, a securities industry U–4 application which was required for purposes of registering Claimant with the National Association of Securities Dealers.

Claimant thereafter applied for unemployment compensation benefits with the Office of Employment Security (OES), which determined Claimant to be ineligible for benefits under Section 402(e) of the Law. On appeal by Claimant, the referee reversed OES's determination on the basis that Employer failed to sustain its burden of proving willful misconduct, whereupon Employer appealed to the Board.

Subsequent to a remand hearing to take additional testimony, the Board found that Claimant failed to disclose her disciplinary history at the time of hire and, after hire, provided false information on her U–4 application. The Board concluded that Claimant's conduct manifested a disregard of the standards of behavior which Employer had a

**2.** These improprieties included opening a number of cash management accounts without the prior knowledge or consent of several of her customers; signing the names of several customers to new account documentation without their prior knowledge or authority; and making misstatements on a U–4 application in connection with other employment as well as to the New York Stock Exchange during its investigation. C.R., Item No. 3, Exh. No. 6(K).

right to expect. The Board thus reversed the referee's decision and Claimant petitioned this Court for review.[3]

■  Claimant first asserts that these proceedings should be remanded for further factfinding since Employer has allegedly withdrawn its allegation of misconduct and now supports her claim for benefits. An employer and employee, however, cannot determine the employee's entitlement to benefits by subsequent agreement which is contrary to a Board determination when the law, as applied to the facts, supports ineligibility for benefits. *See Barillaro v. Unemployment Compensation Board of Review,* 36 Pa.Commonwealth Ct. 325, 387 A.2d 1324 (1978).

■  Claimant alternatively asserts that the Board erred as a matter of law in finding that her conduct constituted willful misconduct and that, in any event, such a finding is not supported by substantial evidence. Willful misconduct is established when an employee's acts reflect a disregard of the standards of behavior which an employer is entitled to expect of an employee; evidence wanton and willful disregard of an employer's interest; constitute a deliberate violation of an employer's rules; or rise to that level of negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard of the employer's interests or the employee's duties. *Heins v. Unemployment Compensation Board of Review,* 111 Pa.Commonwealth Ct. 604, 534 A.2d 592 (1987). Whether an employee's conduct constitutes willful misconduct is a question of law and, as such, fully reviewable by this Court. *Id.*

3.  This Court's scope of review is limited to determining whether the Board's necessary findings of fact were supported by substantial evidence, an error of law was committed, or Claimant's constitutional rights were violated. *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987). Moreover, we must examine the testimony in the light most favorable to Employer as the party in whose favor the Board found. *Heins v. Unemployment Compensation Board of Review,* 111 Pa.Commonwealth Ct. 604, 534 A.2d 592 (1987).

■ Testimony of record establishes that Claimant provided incomplete and false information on her U-4 application. Although Claimant disclosed the disciplinary measures taken against her by the New York Stock Exchange, she omitted information, of which she was aware, concerning the State of Michigan's previous denial of her registration to sell securities in that state and, in fact, responded negatively to at least two questions on her U-4 application which, under the circumstances, should have been affirmatively answered. These questions requested information as to whether any state regulatory agency ever denied Claimant's registration or entered an order against her in connection with investment-related activity. C.R., Item No. 3, Exh. Nos. 6(b), 6(g); N.T., October 13, 1988 Hearing, pp. 10–11, 25–27, 46–47.

Testimony further establishes that Claimant failed to disclose the State of Michigan's denial of her registration in response to Employer's question regarding her availability to sell securities in any of the states. N.T., October 13, 1988 Hearing, p. 16. Moreover, Claimant failed to respond to requests by Employer's broker dealer to provide information concerning this non-disclosure after it came to the broker dealer's attention while reviewing Claimant's U-4 application. N.T., October 13, 1988 Hearing, pp. 27, 34, 36.

■ Unemployment compensation benefits are properly denied when a claimant's discharge stems from a false or incomplete statement on an employment-related application document if the misrepresentation is knowing and material to the employee's qualifications for the job at issue, regardless of whether the misrepresentation pertains to a specific job prerequisite. *See Scott v. Unemployment Compensation Board of Review*, 82 Pa.Commonwealth Ct. 113, 474 A.2d 426 (1984)[4]. Accordingly, the fact that Claimant's

---

**4.** *See also* generally *Simonds v. Unemployment Compensation Board of Review*, 112 Pa.Commonwealth Ct. 465, 535 A.2d 742 (1988); *Carlantonio v. Unemployment Compensation Board of Review*, 99 Pa.Commonwealth Ct. 11, 512 A.2d 96 (1986); *Johnson v. Unemployment Compensation Board of Review*, 58 Pa.Commonwealth Ct. 147, 427 A.2d 724 (1981).

assigned sales territory did not encompass the State of Michigan will not preclude a finding that her misrepresentation was material. As noted by Judge Craig in *Scott*, it has never been the law that an employee must be truthful only as to matters concerning specific job prerequisites and may freely provide false or misleading information as to any other factor which could encourage an employer to select him or her.

■ Whether or not a given misrepresentation is material depends upon the factual matrix present in each case. *Albater v. Unemployment Compensation Board of Review*, 55 Pa.Commonwealth Ct. 390, 423 A.2d 9 (1980). In the matter *sub judice*, submission of an accurate U-4 application was a necessary step in registering Claimant to sell securities and thus bears a sufficient nexus to her ability to perform the job at issue. Likewise, Claimant's less than candid response to Employer's question concerning her availability to sell securities in any of the states may have encouraged Employer to hire her due to its mistaken impression that no foreseeable difficulties lay ahead in registering Claimant to sell securities in any state should Claimant's assigned sales territory be altered at a future date.

Moreover, in a highly regulated field such as the securities industry, an employee's trustworthiness is of crucial importance, particularly where that employee is involved in the sale of securities. Improper conduct by an employee in connection with a securities transaction could precipitate severe penalties as well as substantially taint the employer's business reputation.

In view of the pertinence, although not the essentiality, of Claimant's inability to sell securities in the State of Michigan to the type of position she held, Claimant's misrepresentation was unquestionably material, *Scott*, and clearly inconsistent with her position of trust. Claimant not only failed to disclose to Employer the fact that her registration had been denied by the State of Michigan as was her duty under the circumstances, but she compounded this initial

non-disclosure by subsequently falsifying her U–4 application, and accordingly, acted sufficiently contrary to Employer's interests so as to support a finding of willful misconduct.

Because substantial evidence of record supports denial of benefits on the ground of willful misconduct and no error of law was committed, the Board's decision is affirmed [5].

## ORDER

AND NOW, this 8th day of September, 1989, the order of the Unemployment Compensation Board of Review is affirmed.

---

**5.** Due to our resolution of the matter *sub judice,* we need not now address the issue of whether Claimant had a duty to voluntarily disclose to Employer her disciplinary history at the time of hire or prior thereto, despite Employer's failure to solicit such information. We further note that Claimant's attempt to excuse her conduct on the ground of inadvertence does not justify a result contrary to that reached by the Board. Moreover, any belief by Claimant that the information which she concealed and falsified was not germane is likewise without merit as is Claimant's assertion that Employer's stated grounds for discharge were pretextual. Such contentions raise factual issues which were properly resolved against Claimant by the Board as ultimate factfinder and assessor of credibility. *See Johnson v. Unemployment Compensation Board of Review,* 58 Pa.Commonwealth Ct. 147, 427 A.2d 724 (1981).