McGraw-Edison Company, Respondent, v. Department of Industry, Labor & Human Relations, Appellant: Walker, Defendant.

*No. 279. Submitted September 4, 1974.—Decided October 1, 1974.*
(Also reported in 221 N. W. 2d 677.)

704

706

For appellant Department of Industry, Labor & Human Relations there was a brief by *Uclair W. Brandt,* chief counsel, and *David A. Pearson,* assistant chief counsel.

For the respondent there was a brief by *Davis, Kuelthau, Vergeront, Stover & Leichtfuss, S. C.,* attorneys, and *Walter S. Davis* and *John P. Savage* of counsel, all of Milwaukee.

HANLEY, J. Two issues are presented on this appeal:

1. Did the trial court err in enlarging upon the findings of fact made by the department?

2. Did Walker's conduct constitute "misconduct connected with his employment" as that term is used in sec. 108.04 (5) and (6), Stats.?

*Findings of fact.*

The circuit court enlarged upon the findings made by the appeal tribunal by stating that Walker either pushed or threw the dryer top. The court also referred to the "hurling" of the top. The court also, in effect, stated that the top put in motion by Walker was the one which hit Krause. The appeal tribunal held that Krause "pushed" the dryer top and that it was not established that the top pushed by Walker was the one which hit Norman Krause.

Under secs. 108.09 (7) (b) and 102.23 (1), Stats., findings of fact made by the commission acting within its powers, and in the absence of fraud, are conclusive. *Northwestern Asbestos & Cork Co. v. Industrial Comm.* (1963), 21 Wis. 2d 554, 559, 124 N. W. 2d 628. This court will affirm the findings of fact if supported by credible evidence on the record as a whole. *Kansas City Star Co. v. ILHR Department* (1973), 60 Wis. 2d 591, 602, 211 N. W. 2d 488, rehearing denied, 62 Wis. 2d 783, 217 N. W. 2d 666.

Despite ample evidence to the contrary, there was credible evidence to the effect that Walker pushed rather than threw the top. The finder of fact did not have to believe the testimony of Krause that Walker threw the top. It did not have to believe the conclusion drawn from the tests done in trying to push "a piece through the

press." This is especially true where the appeal tribunal found that it had not been established that the one Walker pushed was the one that cut Krause. The appeal tribunal heard Walker's testimony and the credibility of it was within the tribunal's province.

Since there was credible evidence that Walker pushed the top back toward Krause's press and because weight and credibility is within the tribunal's and the department's province, the finding that Walker pushed the top is conclusive.

As to which top hit Krause, the finding that it was not established that the top pushed by Walker hit Krause must also be affirmed. There were apparently only two eyewitnesses, Walker and Krause. Walker testified that the one he pushed could not have been the one that hit Krause. Krause testified he saw Walker throw the top. Again, the credibility of these witnesses is for the finder of fact to determine.

Therefore, the circuit court was bound by the findings of the appeal tribunal and the department. While the circuit court may have erred in enlarging upon the findings of fact, this alone would not subject the circuit court's decision to reversal. Discrepancies in findings which are unimportant can be disregarded on appeal. *Lakeside Oil Co. v. Slutsky* (1959), 8 Wis. 2d 157, 98 N. W. 2d 415. *See also* sec. 102.23 (2), Stats. It is unimportant whether Walker pushed, threw or hurled the dryer top. The fact is that he put it in motion in the direction from which it came with sufficient force to cause the injury Krause sustained. It is also unimportant which top hit Krause. By putting a dryer top in motion, Walker caused the injury.

*Question of misconduct.*

The applicable statute in this case is sec. 108.04 (5) and (6) which provides:

"(5) Discharge for misconduct. An employe's eligibility, for benefits based on those credit weeks then accrued with respect to an employing unit, shall be barred for any week of unemployment completed after he has been discharged by the employing unit for misconduct connected with his employment; provided, moreover, that such employe shall be deemed ineligible for benefits (from other previous employer accounts) for the week in which such discharge occurred and for the 3 next following weeks.

"(6) Disciplinary suspension. As to an employe's weeks of unemployment by reason of a disciplinary suspension by a given employer, the employe shall be ineligible for benefits as follows:

"(a) If the suspension was for misconduct connected with his employment, he shall be ineligible from the given employer's account for each such week and ineligible from other previous employer accounts for the first 3 such weeks.

"(b) If the suspension was for other good cause connected with his employment, he shall be ineligible for the first 3 such weeks."

It has been frequently noted by this court that the term "misconduct connected with his employment" is not defined in ch. 108, Stats. The leading case of *Boynton Cab Co. v. Neubeck, supra,* however, provides that definition at page 259:

". . . [T]he intended meaning of the term 'misconduct,' as used in sec. 108.04 (4) (a), Stats., is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or in-

capacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed 'misconduct' within the meaning of the statute."

While the disjunctive "or" as used in the first sentence of this definition would indicate that intentional wrongful conduct is not necessary for a finding of misconduct, subsequent decisions by this court have emphasized the intent and attitude of the employee.

In *Cheese v. Industrial Comm.* (1963), 21 Wis. 2d 8, 14, 123 N. W. 2d 553, it was said that ". . . the crucial question is the employee's intent or attitude which attended his act or omission which is alleged to be disqualifying misconduct." In *Milwaukee Transformer Co. v. Industrial Comm.* (1964), 22 Wis. 2d 502, 511, 126 N. W. 2d 6, this court found the general standard for determining misconduct to be whether the conduct reflects an intentional and substantial disregard of the employer's interests or the employee's duties. Finally, in *Baez v. ILHR Department* (1968), 40 Wis. 2d 581, 588, 162 N. W. 2d 576, it was said that ". . . for an employee's behavior to be misconduct it must be found to be an intentional and unreasonable interference with his employer's interest."

At the same time, however, this court has recognized that it is a reasonable interpretation of "misconduct" to conclude that a recurrent pattern of negligent acts, so serious as to amount to gross negligence and thereby evince an intentional and substantial disregard of the employer's interests, amounts to misconduct. *Fitzgerald v. Globe-Union, Inc.* (1967), 35 Wis. 2d 332, 151 N. W. 2d 136.

Therefore, the emphasis on the employee's intent does not mean that the intent must actually exist. If the negligence of the employee is such that it manifests equal culpability, wrongful intent or evil design, that employee is guilty of misconduct.

The appeal tribunal found that it was not established that Walker had any intention of injuring Krause or that he could have foreseen that this action might result in injury to anyone. While such a finding is conclusive it is not the sole criterion for determining if there has been misconduct.

The appeal tribunal also found that Walker's conduct under the circumstances was not so unreasonable as to constitute gross negligence or reckless disregard of the welfare of others. Any determination as to whether or not certain conduct amounts to misconduct, however, is a conclusion of law and a determination by the appeal tribunal or commission is not binding on the courts. *Cheese v. Industrial Comm., supra.*

The conduct involved in this case was a single isolated incident. However, it was not minor or unintentional carelessness. Walker pushed the 10 pound, 14 ounce dryer top with sharp edges with sufficient force to cause a serious injury to Krause. Such conduct fits within the *Boynton Cab Co.* case's definition that ". . . carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design. . ." is misconduct under sec. 108.04 (5), Stats.

Walker's conduct was not due to inefficiency or incompetency so as to fit him into the class of "less capable workers" who are unemployed and for whom unemployment compensation may well have been designed. Walker's reaction to the pinched finger put a dangerous object in the air and thereby endangered the safety of anyone in its path. We think such conduct, as a matter of law, constitutes misconduct.

*By the Court.*—Judgment affirmed.