## Unemployment Compensation Board of Review of Pennsylvania *v.* Frazier Dixon, Appellant.

Argued January 8, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three. Reargued October 5, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Kenneth S. Hall,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 25, 1976:

Frazier Dixon appeals from a decision of the Unemployment Compensation Board of Review adverse to his claim for unemployment compensation benefits.

Mr. Dixon was declared ineligible for benefits for willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Mr. Dixon had worked for wages for Publicker Industries for 18 months prior to his discharge; his last duties were as an assistant machine operator. There is no evidence in this record that his work was other than satisfactory and he seems to have received advancements in duties and wages. He was discharged solely because when he first applied for work he had recorded on an application that he had no record of arrests, when in fact he had such a record, the existence of which the employer ascertained as the result of an anonymous telephone call.

The employer's representative told Mr. Dixon that his discharge was required by company policy but that Mr. Dixon would be eligible for unemployment compensation. The company did not appear at either of two hearings conducted below and did not contest the claim for compensation. Neither the application for employment executed by Mr. Dixon, nor a record of his arrest appears in the record made below. There is in that record, however, a letter from Mr. Dixon's parole officer, attesting to the sincerity of Mr. Dixon's efforts to rehabilitate his life and commenting bitterly on the State's adding to the injury of discharge from employment, that of the denial of unemployment benefits.

The Legislature has not particularized what actions constitute willful misconduct. Courts have said that the term includes acts of wanton or willful disregard of the employer's interest, deliberate violations of the employer's rules, conduct in disregard of standards of behavior which the employer has a right to expect, and acts showing intentional and substantial disregard

of the employer's interest or the employee's duties and obligations. *Warminster Fiberglass Co. v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 385, 327 A.2d 219 (1975). While any deliberately false answer to an inquiry on an employment, application would appear on superficial glance to fall within one or more of the descriptions of willful misconduct, it seems to us that a profounder view suggests that the information invited by the application and falsely provided should concern matters material to the employment sought for the errant answer to be disqualifying for unemployment benefits. *See Cecchini Unemployment Compensation Case,* 188 Pa. Superior Ct. 247, 146 A.2d 615 (1958). The employer has the burden to prove that the employee's discharge was for an act of willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Mr. Dixon's employer has not contested his eligibility. Does the record affirmatively show that Mr. Dixon's arrest was material to his employment as an hourly employee of his employer's industrial plant? We think not. It fails to reveal either the nature of the charges upon which Mr. Dixon was arrested or when he was arrested and does not, therefore, in our opinion, support the conclusion that he was guilty of willful misconduct by falsely misstating a matter material to his employment.

The Unemployment Compensation Board of Review's brief concedes that the double blow to Mr. Dixon, a husband and father, of loss of job and denial of unemployment compensation, is harsh. We do not agree with its further conclusion that it is, in this case, necessary. In *Secretary of Revenue v. John's Vending Corporation,* 453 Pa. 488, 309 A.2d 358 (1973), our

Supreme Court construed a statute authorizing the denial of a cigarette dealer's license to a corporation, an officer of which had been convicted of a crime of moral turpitude, as not disqualifying to a corporation whose president had been convicted of such a crime long before the application for the license. Mr. Justice Nix wrote the following paragraphs which are wholly pertinent to this case:

"In order to avoid an absurd and harsh result, a court may look beyond the strict letter of the law to interpret a statute according to its reason and spirit and accomplish the object intended by the Legislature. See, United States v. Bowman, 358 F.2d 421 (3d Cir. 1966); Swartley v. Harris, 351 Pa. 116, 40 A.2d 409 (1945); Pocono Manor Association v. Allen, 337 Pa. 442, 12 A.2d 32 (1940). To interpret Section 403(2) as a blanket prohibition barring anyone who has been convicted of a crime of moral turpitude without regard to the remoteness of those convictions or the individual's subsequent performance would be unreasonable. We cannot assume that the legislature intended such an absurd and harsh result. See, Appeal of Gagliardi, 401 Pa. 141, 163 A.2d 418 (1960).

"We are also mindful that such a result runs afoul of the deeply ingrained public policy of this State to avoid unwarranted stigmatization of and unreasonable restrictions upon former offenders. This State in recent years has been unalterably committed to rehabilitation of those persons who have been convicted of criminal offenses. To forever foreclose a permissible means of gainful employment because of an improvident act in the distant past completely loses sight of any concept of forgiveness for prior errant behavior and adds yet another stumbling block along the difficult road of rehabilitation." 453 Pa. at 494-95, 309 A.2d at 362.

Interpreting the Unemployment Compensation Law in accordance with its reason and spirit, we are unable to conclude that the Legislature intended a working man to be denied unemployment compensation benefits in the circumstances of this case.

### ORDER

AND Now, this 25th day of October, 1976, the Order of the Unemployment Compensation Board of Review is hereby reversed. It is Ordered that benefits be paid to the claimant, Frazier Dixon, for the compensable period beginning with the week ending July 20, 1974.

President Judge BOWMAN and Judge WILKINSON dissent.