531 A.2d 72

Frank D. Attisano, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 7, 1987, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*William G. Cohen,* for petitioner.

*Richard F. Faux,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, September 14, 1987:

This is an appeal by Frank Attisano, claimant, from an order of the Unemployment Compensation Board of Review affirming the referee's denial of benefits after claimant was discharged for allegedly falsifying employment and medical records. The referee and Board based their decision on Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. 802(e).

Claimant, who worked for employer, Universal Refractories, as a mixer helper and oven man, suffered a work related back injury on November 14, 1984. He was released to return to work by his physician on February 19, 1985. However, before returning to the job claimant was suspended and subsequently discharged for falsification of company and medical records. The company record referred to is the employment application completed at the time of hiring on which claimant answered "no" to the question of whether he had any physical conditions which would limit his ability to perform his job. The medical record was completed two months after claimant was hired and lists forty-eight different conditions upon which claimant checked "no" to the conditions entitled "backache" and "back injury". The referee found that claimant did not deliberately falsify his employment application but did purposely fail to disclose on his physical examination record the existence of a back condition and backache. He denied claimant benefits and the Board affirmed. On appeal, claimant argues that his failure to disclose was unintentional and not material to his employment. He argues further that the employer exhibited an intent to discriminate against him in violation of the Section 5 of the

Pennsylvania Human Relations Act,[1] Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §955. In addition, claimant contests the order of this Court denying his Motion for Remand for Consideration of After Discovered Evidence.

---

[1] The relevant portion of Section 5 of the Pennsylvania Human Relations Act reads as follows:

It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification, or in the case of a fraternal corporation or association, unless based upon membership in such association or corporation, or except where based upon applicable security regulations established by the United States or the Commonwealth of Pennsylvania:

(a) For an employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability of any individual to refuse to hire or employ, or to bar or to discharge from employment such individual, or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment, if the individual is the best able and most competent to perform the services required. . . .

(b) For any employer, employment agency or labor organization, prior to the employment or admission to membership, to

(1) Elicit any information or make or keep a record of or use any form of application or application blank containing questions or entries concerning the race, color, religious creed, ancestry, sex, national origin or past handicap or disability of any applicant for employment or membership. An employer may inquire as to the existence and nature of a present handicap or disability. To determine whether such handicap or disability substantially interferes with the ability to perform the essential function of the employment which is applied for, is being engaged in, or has been engaged in, the employer must inquire beyond the mere existence of a handicap or disability.

. . . .

(5) Deny employment because of a prior handicap or disability.

The burden of proving willful misconduct is on the employer. *Cundiff v. Unemployment Compensation Board of Review*, 88 Pa. Commonwealth Ct. 272, 489 A.2d 948 (1985). Our scope of review is limited to determining whether necessary findings are supported by substantial evidence, an error of law committed or whether any of the claimant's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. We affirm.

With respect to claimant's first argument that his failure to disclose was neither material to his employment nor intentional, we turn to the first part of the referee's finding of fact No. 7 which reads: "because of the heavy manual labor required by certain employees, the employer required the information relative to any prior work-related injuries. . . ." This is undisputed and supported by the testimony of employer's witness. Certainly, the reporting of a back injury or back condition on a physical examination report in light of this supported finding must be considered material to claimant's employment. Claimant correctly contends that the latter portion of finding of fact No. 7 which reads: "such that claimant's employment would not have been continued, without further testing, had the claimant truthfully completed the physical examination report" may be unsupported by substantial evidence in the record, however, the introductory portion of that finding adequately supports a conclusion of materiality. " '[T]he information invited by the application and falsely provided should concern matters material to the employment sought for the errant answer to be disqualifying for unemployment compensation benefits.' " *Sun Shipbuilding and Dry Dock v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 275, 278-79, 385 A.2d 1047, 1049 (1978), *citing Unemployment*

*Compensation Board of Review v. Dixon,* 27 Pa. Commonwealth Ct. 8, 11, 365 A.2d 668, 669 (1976).

Claimant argues that his failure to disclose was unintentional not deliberate as the referee so found. However, the referee's finding that claimant did deliberately falsify his physical examination report is supported by the evidence in the form of both the report itself which shows the claimant answered "no" to the proposed questions and the testimony of claimant's own doctor which, in sum, indicates that claimant admitted to his doctor that he injured himself in a fall at work and experienced significant back pain.

This is a credibility determination which the referee resolved against the claimant and which we are bound by law to let stand. *Bowman v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980).

Claimant argues that employer was in violation of the Pennsylvania Human Relations Act because it admitted that it would not have hired claimant had it known of his history of back problems. Thus, he maintains that his failure to disclose information relative to his back problem was not willful misconduct. Claimant cites *Walkowsky v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 486, 439 A.2d 856 (1981) and *Dixon* as support for his proposition that claimant's deliberate nondisclosure on an unemployment record which resulted in his discharge cannot, for public policy reasons, be the basis for denial of unemployment compensation benefits due to willful misconduct when the nondisclosure was motivated by an attempt to circumvent an illegal stance by the employer. We find no evidence in the record to show that this matter was presented to or adjudicated by the Pennsylvania Human Relations Commission so as to support claimant's contention that the employer was in violation

of the Human Relations Act. Nor do we believe that the cases cited by the claimant are applicable. In *Dixon* the employee who had a satisfactory performance rating at his job deliberately failed to report an arrest record when completing his initial employment application and was subsequently discharged when the employer became aware of this record. He was denied benefits despite the employer's refusal to contest the application for benefits. We reversed, finding that the nondisclosure was not material to claimant's employment and that a denial of benefits would be contrary to the principles of rehabilitation. In .*Walkowsky* we ruled that employee's denial in the face of employer's questioning regarding a recent employment interview with another employer was not willful misconduct because the employee had an absolute right to seek employment and was under no duty to share with his present employer his attempts to secure alternate work. Here, however, claimant has failed to establish sound public policy reasons for granting benefits. Claimant was hired for a position which required heavy manual labor; nevertheless he had sustained a serious back injury on another job, one which rendered him virtually incapable of performing the job for which he had applied and which he had accepted. In addition, as we stated, no evidence of a formal conclusion made by the Pennsylvania Human Relations Commission that employer had indeed violated that Act has been presented. Although we recognize the authority of the Pennsylvania Human Relations Committee to determine such a violation we note that the Act itself confines a violation to any handicap or disability which does not substantially interfere with the ability to perform the essential functions of employment. It does not appear that claimant's disability falls under the protection of the Act.

Finally claimant urges us to reconsider this Court's denial, by a single judge, of claimant's Motion to Re-

mand for Consideration of After Discovered Evidence, or alternatively, to Expand the Record. Although, under Pa. R.A.P. 123(e),[2] we are not precluded from reviewing this Order, we consider Section 331 of the Internal Operating Procedures of the Commonwealth Court published in the Pennsylvania Rules of Court[3] to set forth the preferable procedure in challenging such an order and would depart from this procedure only in unique situations. We decline to do so here. However, were we to deviate from this established procedure we would most likely deny claimant's motion on the merits as the after discovered evidence to which the claimant refers is irrelevant to this appeal.

Accordingly, we affirm.

ORDER

Now, September 14, 1987, the order of the Unemployment Compensation Board of Review No. B-243474, dated September 17, 1985, is affirmed.

---

[2] Pa. R.A.P. No. 123(e) states:

**Power of single judge to entertain applications.** In addition to the authority expressly conferred by these rules or by law or rule of court, a single judge of an appellate court may entertain and may grant or deny any request for relief which under these rules may properly be sought by application, except that an appellate court may provide by order or rule of court that any application or class of applications must be acted upon by the court. The action of a single judge may be reviewed by the court.

[3] Section 331 of the Internal Operating Procedures of the Commonwealth Court states:

331. **Reconsideration; Petitions for Reconsideration**

When a party files a petition for reconsideration of an order issued by a single judge, the prothonotary shall submit the petition, together with the answer, to the judge for action, in accordance with Pa. R.A.P. 123(e).