DARWIN L. ZWIEG, District Attorney, Clark County
You ask whether the Clark County Sheriff's Department may, when evaluating an individual for the position of reserve officer, consider information in the possession of the sheriff's department concerning the individual's "juvenile record." Your question is answered by the Wisconsin Fair Employment Act (the "WFEA").
The WFEA prohibits an employer from requesting an applicant to provide information regarding the applicant's "arrest record," except a record of a pending charge. Sec. 111.335 (1)(a), Stats. The WFEA also prohibits an employer from refusing to employ an individual because of an arrest record, unless the circumstances of a pending charge against the individual substantially relate to the circumstances of the particular job. Secs. 111.322 (1) and 111.335 (1)(b), Stats. The term "arrest record" includes, but is not limited to, "information indicating that an individual has been questioned, apprehended, taken into custody or detention, held for investigation, arrested, charged with, indicted or tried for any felony, misdemeanor or other offense pursuant to any law enforcement . . . authority." Sec. 111.32 (1), Stats. The term "arrest record" does not distinguish between juvenile and adult individuals. Id.
The WFEA prohibits an employer from refusing to employ an individual because of a conviction record unless the circumstances of the offense substantially relate to the circumstances of the job. Secs. 111.322 (1) and 111.335 (1)(c)1., Stats. The term "conviction record" specifically includes *Page 90 
information that an individual "has been adjudicated delinquent." Sec. 111.32 (3), Stats.
Considering the prohibition against arrest record discrimination first, and assuming that the sheriff's department refuses to employ an individual because of information in the possession of the sheriff's department concerning the individual's "juvenile record," the initial inquiry is whether the individual has been denied employment because of an "arrest record." Although the term "arrest record" does not expressly apply to juveniles, the requirement that the WFEA be "liberally construed," section111.31 (3), suggests that juveniles receive the same protection as adults. If the sheriff's department would refuse to employ an individual because of information in its possession which indicates that the individual "has been questioned, apprehended, taken into custody or detention, held for investigation, [or] arrested . . . for any . . . offense," then the sheriff's department would commit an act of unlawful arrest record discrimination. On the other hand, if the sheriff's department refuses to employ the individual because it concludes from its own investigation and questioning of the individual or others that the individual has committed an offense, City of Onalaska v. LIRC, 120 Wis.2d 363,367, 354 N.W.2d 223 (Ct.App. 1984), and not merely because of the fact of the individual's "arrest record," then the sheriff's department does not act unlawfully.
In City of Onalaska, the court of appeals reasoned that because a discharge based on information that an individual has been arrested by a law enforcement agency relies upon an assertion by another person or entity, an employer does not rely on information that the individual has been arrested (and therefore does not act unlawfully) when it discharges the individual because the employer concludes from its own investigation and questioning of the individual that he or she has committed an offense. Although City of Onalaska may be read narrowly as protecting an employer from a finding of arrest record discrimination only where the employer conducts its own investigation of an individual's conduct and only where it *Page 91 
questions the individual about such conduct, it is my opinion that the employer is protected if it bases its employment decision on the individual's conduct (as opposed to the individual's status as an arrested person), even if the employer bases its conclusion concerning the individual's conduct upon information which the employer receives from others (even including law enforcement agencies). The purpose of the WFEA prohibition against arrest record discrimination is to protect individuals from employment discrimination based upon the stigma of an arrest record per se,cf. Miller Brewing Co. v. ILHR Department, 103 Wis.2d 496,504, 308 N.W.2d 922 (Ct.App. 1981); it was not intended to prevent an employer from reaching its own conclusion as to whether the employe engaged in the conduct underlying the charge and from basing employment decisions upon such conclusion. Thus, my opinion that the sheriff's department acts unlawfully if it refuses to employ an individual because of that individual's "arrest record" status, and that it does not act unlawfully if its refusal is based on the underlying conduct, applies equally to the situation where the information in the possession of the sheriff's department concerning the individual's "juvenile record" results from the sheriff's department's own investigation or from records obtained from another law enforcement agency pursuant to section 48.396 (1).
Where the "arrest record" involves a pending charge, the sheriff's department may inquire about the charge and may refuse to employ an individual if the circumstances of the pending charge substantially relate to the circumstances of the particular job. Sec. 111.335 (1)(b), Stats. I note, parenthetically, that law enforcement agencies have access to juvenile records under section 48.396 which is unavailable to most other employers, and that law enforcement agencies (as employers) therefore may determine the existence and circumstances of pending charges *Page 92 
(and, for that matter, adjudications of delinquency) where other employers would be barred from acquiring the same information. Although the Legislature, in the Wisconsin Fair Employment Act, envisioned an employer's right to inquire about pending charges (and convictions), Miller Brewing Co., 103 Wis.2d at 504, this inequality between law enforcement agencies and other employers undoubtedly reflects a balancing of employers' rights and the necessity of confidentiality in the administration of the juvenile justice system. State ex rel. Herget v. Waukesha Co. Cir. Ct.,84 Wis.2d 435, 451, 267 N.W.2d 309 (1978). An individual, however, who falsely denies the existence of a pending charge (or an adjudication of delinquency) on an employment application or other pre-employment inquiry may be terminated lawfully for the falsification and may even be denied unemployment compensation. Miller Brewing Co., 103 Wis.2d at 504-05.
Turning to the prohibition against conviction record discrimination, the term "conviction record" was amended by ch. 334, Laws of 1981, to specifically include information that an individual "has been adjudicated delinquent." Sec. 111.32 (3), Stats. In an opinion issued prior to that amendment, my predecessor concluded that an employer could not inquire whether an individual had been adjudicated delinquent because it would be contrary to the legislative policy of protecting juvenile records. 67 Op. Att'y Gen. 328, 331 (1978). Such conclusion is no longer valid since the Legislature specifically amended the WFEA to include adjudications of delinquency in the definition of the term "criminal record," and since the WFEA presupposes that an employer may ask questions about an individual's criminal record. Miller Brewing Co.,103 Wis.2d at 504.
Applying the WFEA, therefore, the sheriff's department may not refuse to hire an individual for the position of reserve officer because the individual has been adjudicated delinquent, unless the circumstances of the offense substantially relate to the circumstances of the job. Secs. 111.322 (1) and 111.335 (1)(c)1., Stats. Whether the circumstances of the offense substantially relate to the circumstances of the job requires "[a]ssessing whether the tendencies and inclinations to behave a certain way in a particular context are likely to reappear later in a related context, based on the traits revealed." County of Milwaukee v. *Page 93 LIRC, 139 Wis.2d 805, 824, 407 N.W.2d 908 (1987). Moreover, as noted earlier in this opinion, an employer does not act unlawfully where it bases an employment decision on an individual's underlying conduct and not on the individual's conviction record per se.
In summary, the sheriff's department may, when evaluating an individual for the position of reserve officer, consider information in its possession concerning the individual's juvenile record, subject to the prohibitions against arrest record and conviction record discrimination contained in the WFEA.
DJH:DCR *Page 94