**324**

Haroutioun S. ELMAYAN

v.

**BOARD OF REVIEW OF the DEPART-MENT OF EMPLOYMENT AND TRAINING and Citizens Bank.**

No. 92–235–M.P.

Supreme Court of Rhode Island.

June 28, 1993.

Eric Pizzuti, Kenneth Macksoud, Providence, for plaintiff.

William E. Smith, Lincoln D. Almond, Edwards & Angell, Providence, Pat Nero, Bd. of Review, for defendants.

OPINION

SHEA, Justice.

This matter came before the Supreme Court on the defendants' petition for the issuance of a writ of certiorari to review the District Court judge's reversal of an order of the Board of Review of the Department of Employment and Training (board of review). We quash the judgment of the District Court.

The plaintiff, Haroutioun S. Elmayan (Elmayan) was employed by CPP Pinkerton Security Company (Pinkerton) and was assigned to work at Citizens Bank. After approximately three weeks Elmayan applied to Citizens Bank directly for employment. He completed and signed an employment application on June 13, 1990. That application contained an employment-experience section that directed the applicant to "list current or last employer first." It also required the applicant to acknowledge the following by signature: "I understand that the misrepresentation or omission of facts set forth herein is a cause for denial of employment or dismissal."

In the employment-experience section he listed his current employment with Pinkerton (May 21, 1989, to June 13, 1990) and prior employment with Rocky Point Park (June 12, 1979, to September 28, 1986), CFS Air Cargo Inc. (February 26, 1988, to April 22, 1988), and Ann & Hope (1980–1981). Elmayan was subsequently interviewed by Ellen Sheil, vice-president of the Citizens human resources department, who went over his background and questioned him about gaps in his employment history. He was questioned about the nearly three-year gap between his last employment at Rocky Point Park and his current employment at Pinkerton. At that time Elmayan did not

mention his employment at Wackenhut Security Company (Wackenhut). Following a routine employment investigation of the three references listed on his application and a pre-employment physical, Elmayan was hired by Citizens Bank. He began working as a security guard at the operations center in East Providence on June 25, 1990.

On June 29, 1990, Elmayan approached Barry Gale of the Citizens human resources department and indicated that he wanted to add an employer to his file. Elmayan disclosed that he had worked for Wackenhut prior to his employment with Pinkerton. He explained that Wackenhut assigned him to work at Colibri, a manufacturer of lighters. During that assignment he was accused of stealing merchandise by Colibri. Although he stated that he was not guilty, Elmayan indicated to Gale that he had not put that employment on the application because he was afraid that if he had done so and if a reference check was done and that information turned up, Citizens would not have hired him in the first place. Because Elmayan had withheld information in his application and because he was hired by Citizens for a security position at a highly sophisticated facility, Citizens decided to terminate Elmayan's employment and did so.

Elmayan filed a claim for unemployment-compensation benefits with the Department of Employment and Training. That request was denied because the department determined that Elmayan had been discharged under disqualifying circumstances. Elmayan appealed the decision to the board of review, which upheld the referee's decision. Elmayan then filed a petition for review in the District Court, which, after hearing, reversed the decision of the board of review. The District Court judge determined that plaintiff's omission of a former employer was not "proved misconduct" within the provisions of G.L.1956 (1986 Reenactment) § 28–44–18, as amended by P.L. 1989, ch. 267, § 1.[1] Citizens and the board of review then filed this petition for the writ of certiorari.

The sole issue is whether the District Court judge erred in reversing the decision of the board of review. Initially we would refer to § 28–44–54, which states in pertinent part:

"The jurisdiction of the reviewing court shall be confined to questions of law, and, in the absence of fraud, the findings of fact by the board of review, if supported by substantial evidence regardless of statutory or common law rules, shall be conclusive. Additional evidence required by the court shall be taken before the board of review, and the board of review, after hearing that additional evidence shall file with the court such additional or modified findings of fact or conclusions as it may make, together with transcripts of the additional record."

In this case the board of review had determined that plaintiff here had failed to list previous employers on his application form and, because of that omission, had been fired under disqualifying circumstances.

In *Turner v. Department of Employment Security, Board of Review*, 479 A.2d 740 (R.I.1984), this court interpreted the phrase "proved misconduct" as

"conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negli-

---

1. General Laws 1956 (1986 Reenactment) § 28–44–18, as amended by P.L.1989, ch. 267, § 1 provides:

"An individual who has been discharged for proved misconduct connected with his or her work shall thereby become ineligible for benefits for the week in which that discharge occurred and until he or she establishes to the satisfaction of the director that he or she has, subsequent to that discharge, had at least four (4) weeks of work, and in each of that four (4) weeks has had earnings of at least twenty (20) times the minimum hourly wage as defined in Chapter 42 of this title. However, if an individual is discharged and a complaint is issued by the regional office of the national labor relations board or the state labor relations board that an unfair labor practice has occurred in relation to such discharge the individual shall be entitled to benefits if otherwise eligible."

gence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer." *Id.* at 741–42 (quoting *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 296 N.W. 636, 640 (1941)).

In his decision the trial judge below reviewed the statute in question and the decision of the board of review and then noted that in *Harraka v. Board of Review of Department of Employment Security*, 98 R.I. 197, 200 A.2d 595 (1964), this court recognized that a liberal interpretation was to be utilized when construing and applying the provisions of the Employment Security Act. The trial judge then concluded that plaintiff's omission, while definitely a violation of the terms of his employment contract, was not the type of conduct that would be described as misconduct within the provisions of § 28–44–18.

■ In doing so, the District Court judge restricted his review to the question of interpretation of a statute. The factual determinations of the board of review were accepted by the District Court and were incorporated into the trial judge's decision. For that reason we reject defendants' assertion that the District Court exceeded its authority.

■ We next consider whether the District Court was in error in the decision reached. The question of whether an employee's failure to make a complete and accurate disclosure of prior employment constitutes misconduct has never before been addressed by this court. Therefore, we will look for guidance to the decisions reached in other states on this issue.

In *Unemployment Compensation Board of Review v. Dixon*, 27 Pa. Commw. 8, 365 A.2d 668 (1976), the Commonwealth Court of Pennsylvania stated the following regarding the termination of an employee because of his denial on an application that he had ever been arrested.

"While any deliberately false answer to an inquiry on an employment application would appear on superficial glance to fall within one or more of the descriptions of willful misconduct, it seems to us that a profounder view suggests that the information invited by the application and falsely provided should concern matters material to the employment sought for the errant answer to be disqualifying for unemployment benefits." *Id.* at 11, 365 A.2d at 669.

In another Pennsylvania case, *Albater v. Commonwealth Unemployment Compensation Board of Review*, 55 Pa. Commw. 390, 423 A.2d 9 (1980), the Commonwealth Court of Pennsylvania stated that

"we must look at the circumstances surrounding each case in order to determine whether information concealed from the employer is material to the employment." *Id.* at 393, 423 A.2d at 11.

In the case before us this plaintiff's job was unquestionably a position of trust. Therefore, under the Pennsylvania Court's rationale, his failure to disclose that he had been discharged from a previous security position in the midst of allegations of theft and impropriety would support the determination that plaintiff should be denied benefits.

In this case we acknowledge that the plaintiff did fill out the application in its entirety and that the application did not request the applicant to list all prior jobs. The plaintiff deliberately omitted his Wackenhut experience, knowing that he would be rejected if Citizens knew of it. However, the plaintiff was called in for an interview before being hired and was asked at that time to explain gaps in his employment history and even then failed to make disclosure. It was not until after he had actually been hired and had worked for two and a half days that the plaintiff disclosed the information at issue. We are of the opinion that the information withheld was highly relevant and that the plaintiff knew it to be so when he withheld it during the interview. His failure to disclose warrant-

ed his dismissal. For these reasons the court is of the opinion that the decision of the District Court was in error.

Therefore, the petition for certiorari is granted, the judgment of the District Court appealed from is quashed, and the case is remanded to the District Court with our decision endorsed thereon and for the entry of an order consistent with this opinion.

LEDERBERG, J., did not participate.